In re Petition for DISCIPLINARY ACTION AGAINST Richard Wayne PETTY, a Minnesota Attorney, Registration No. 340662.

No. A13–0531.

Supreme Court of Minnesota.

Oct. 22, 2013.

## ORDER

The Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action alleging that respondent Richard Wayne Petty committed professional misconduct warranting public discipline. The matter was referred to a referee. In the findings of fact, conclusions of law, and recommendation for discipline, the referee found that respondent failed to diligently represent a client, made multiple false statements to two clients and to a third party, forged a client's signature on a document, submitted false or fraudulently obtained evidence to a court in two matters, failed to deposit client funds into his trust account, failed to keep required trust account books and records, offered monetary settlements conditioned on two former clients withdrawing their disciplinary complaints, failed to cooperate with disciplinary investigations, and made false statements to the Director. The referee concluded that respondent violated Minn. R. Prof. Conduct 1.3, 1.4(a)(3), 1.15(a), 3.3(a)(3), 4.1, 8.1(b), 8.4(c) and (d), and App. 1 thereto, and Rule 25, Rules on Lawyers Professional Responsibility (RLPR) and recommended that respondent be indefinitely suspended for a minimum of 2 years.

The parties then entered into a stipulation in which they agreed that the referee's findings and conclusions are conclusive. They also waived their right to briefing and oral argument before this court. The parties recommended that the court impose the referee's proposed discipline.

The court has independently reviewed the file and approves the recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Richard Wayne Petty is indefinitely suspended from the practice of law, effective 14 days from the date of the filing of this order, with no right to petition for reinstatement for a minimum of 2 years from the date of this order. Respondent may petition for reinstatement pursuant to Rule 18(a)–(d), RLPR. Reinstatement is conditioned on successful completion of the professional responsibility portion of the state bar examination and satisfaction of continuing legal education requirements, pursuant to Rule 18(e), RLPR. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals), and shall pay $900 in costs pursuant to Rule 24, RLPR.

BY THE COURT:

/s/——————————————
Alan C. Page
Associate Justice